UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)

UNITED STATES OF AMERICA,

         Plaintiff,

v.

MILLER-VALENTINE OPERATIONS,
INC.; MILLER-VALENTINE
CONSTRUCTION, INC.; MILLER-
VALENTINE PARTNERS LTD.; MILLER-
VALENTINE PARTNERS LTD. II;
MILLER-VALENTINE APARTMENTS
LTD.; MILLER-VALENTINE
APARTMENTS II LTD.; MILLER-
VALENTINE APARTMENTS III LTD.; MV
COMMERCIAL CONSTRUCTION LLC;
MV RESIDENTIAL CONSTRUCTION,
INC.; MV AFFORDABLE HOUSING LLC;
MV RESIDENTIAL DEVELOPMENT LLC;
ALLEGHENY POINTE LIMITED
PARTNERSHIP; CARRIAGE TRAILS
SENIOR VILLAGE, LLC; MV/ALG
DEERFIELD CROSSINGS LIMITED;
GALENA ESTATES, LLC; GALLATIN
PARK APARTMENTS, LLC; HAMPSHIRE
TERRACE II LIMITED PARTNERSHIP;
HARMONY SENIOR VILLAGE, LLC;
MV/ALG HONEY CREEK LIMITED;
INDIAN TRACE LIMTED PARTNERSHIP;
ARROWHEAD CROSSING LIMITED;
LAKE TOWNE SENIOR VILLAGE, LLC;
MADISON PLACE SENIOR
APARTMENTS, LLC; MV/ALG MALLARD
LANDING LIMITED; MEADOW VISTA
SENIOR VILLAS, LLC; MV/ALG MILL
POND LIMITED; TX NOLANVILLE
APARTMENTS, LTD. CO.; PINECREST

Judge Timothy S. Black

CASE NO. 1:19-cv-00346-TSB

**ANSWER AND AFFIRMATIVE**
**DEFENSES AND JURY DEMAND BY**
**DEFENDANTS, ALLEGHENY POINTE**
**LIMITED PARTNERSHIP; CARRIAGE**
**TRAILS SENIOR VILLAGE, LLC;**
**GALENA ESTATES, LLC; GALLATIN**
**PARK APARTMENTS, LLC;**
**HAMPSHIRE TERRACE II LIMITED**
**PARTNERSHIP; HARMONY SENIOR**
**VILLAGE, LLC; LAKE TOWNE SENIOR**
**VILLAGE, LLC; MADISON PLACE**
**SENIOR APARTMENTS, LLC;**
**MEADOW VISTA SENIOR VILLAS,**
**LLC; TX NOLANVILLE APARTMENTS,**
**LTD. CO.; PINECREST APARTMENTS,**
**LLC; RESERVE AT ROSE BUD, LLC;**
**RESERVE AT SPENCER, LLC;**
**DELAWARE PLACE SENIOR**
**APARTMENTS, LLC; RIVERVIEW**
**BLUFFS ASSOCIATES, LP; WESTERN**
**CENTER RESERVE, LLC; ST. RITA'S**
**SENIOR HOUSING, LLC; THE**
**ENCLAVE AT WINSTON-SALEM, LLC;**
**TWIN LAKES SENIOR VILLAS**
**LIMITED PARTNERSHIP; VILLAS AT**
**TWIN CEDARS, LLC;**
**WEATHERWOOD PLACE LIMITED**
**PARTNERSHIP; WHITEHOUSE**
**SQUARE SENIOR VILLAGE, LLC.**

APARTMENTS, LLC; RESERVE AT
ROSE BUD, LLC; RESERVE AT
SPENCER, LLC; MV/ALG RIVER
CROSSING LIMITED; DELAWARE
PLACE SENIOR APARTMENTS, LLC;
RIVERVIEW BLUFFS ASSOCIATES, LP;
MV/ALG SANHURST LIMITED; SCIOTO
WOODS II, LLC; MERCY SIENA VILLAGE
LIMITED PARTNERSHIP; WESTERN
CENTER RESERVE, LLC; ST. RITA'S
SENIOR HOUSING, LLC; THE ENCLAVE
AT WINSTON-SALEM, LLC; MV/ALG
STEELE CREEK LIMITED; STEELE
CREEK APARTMENTS LIMITED
PARTNERSHIP; MV/ALG TWIN CEDARS
LIMITED; TWIN CEDARS LIMTED TWIN
LAKES SENIOR VILLAS LIMITED
PARTNERSHIP; VILLAS AT TWIN
CEDARS, LLC; WEATHERWOOD PLACE
LIMITED PARTNERSHIP; PERRYSBURG
APARTMENT INVESTMENT LLC;
WHITEHOUSE SQUARE SENIOR
VILLAGE, LLC; MV/ALG WINDSOR
PLACE LIMITED,

        Defendants.

---

        Defendants, Allegheny Pointe Limited Partnership; Carriage Trails Senior Village, LLC; Galena Estates, LLC; Gallatin Park Apartments, LLC; Hampshire Terrace II Limited Partnership; Harmony Senior Village, LLC; Lake Towne Senior Village, LLC; Madison Place Senior Apartments, LLC; Meadow Vista Senior Villas, LLC; TX Nolanville Apartments, LTD. Co.; Pinecrest Apartments, LLC; Reserve at Rose Bud, LLC; Reserve at Spencer, LLC; Delaware Place Senior Apartments, LLC; Riverview Bluffs Associates, LP; Western Center Reserve, LLC; St. Rita's Senior Housing, LLC; The Enclave at Winston-Salem, LLC; Twin Lakes Senior Villas Limited Partnership; Villas at Twin Cedars, LLC; Weatherwood Place Limited Partnership; Whitehouse

Square Senior Village, LLC, (collectively referred to herein as "Defendants") file this Answer and Affirmative Defenses to Plaintiff's Complaint. In addition to the General Denial, Defendants number their responses to correspond with the numbered paragraphs in Plaintiff's Complaint. Unless expressly admitted herein, Defendants deny any and all allegations in the Complaint.

## GENERAL DENIAL

Defendants deny that they violated the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* ("FHA"), or the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12181 *et seq.* ("ADA"). Defendants also deny that they have any liability to Plaintiff or that they injured Plaintiff or any person with a "disability"[1] as that term is defined by the FHA or ADA.

Defendants affirmatively state that one recognized means of compliance with the FHA accessibility requirements is designing and constructing a building in accordance with one of the non-mandatory HUD "safe harbors," but that it is well-established that compliance with the safe harbors is not mandatory. The FHA includes seven accessibility requirements, and Congress expressly intended to offer builders and designers flexibility as to how to make a property accessible and usable by persons with disabilities. The properties the United States identifies in the Complaint ("Subject Properties") were designed or constructed to comply with governing accessibility requirements and are accessible and usable to persons with disabilities and, accordingly, in compliance with the FHA and ADA.

---

[1] Like the United States, Defendants use the term "disability" instead of "handicap." For purposes of the Fair Housing Act, the terms have the same meaning. *See Bragdon* v. *Abbott*, 524 U.S. 624, 631 (1998) (definition of "disability" under Americans with Disabilities Act taken almost verbatim from definition of "handicap" under Fair Housing Act).

Defendants also affirmatively state that each of the Subject Properties was designed and constructed by a separate entity and the United States fails to identify a single person with a disability who was subjected to discrimination, as such, the United States is unable to establish "a pattern or practice of resistance to the full enjoyment of rights granted by the [FHA], under 42 U.S.C. § 3614(a) or "a pattern or practice of discrimination [under the ADA] within the meaning of 42 U.S.C. § 12188(b)(1)(B)(i)." For the same reasons the United States is unable to establish "a denial to a group of persons of rights granted by the [FHA], which denial raises an issue of general public importance, under 42 U.S.C. § 3614(a)" or unlawful discrimination under the ADA that raises "an issue of general public importance" within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii).

## ANSWER TO SPECIFIC ALLEGATIONS

1.      Paragraph 1 alleges legal conclusions to which require no response. However, to the extent such allegations can be construed as requiring a response, Defendants admit Plaintiff alleges violations of the FHA and ADA, but expressly deny the allegations have merit or that Defendants have violated the FHA and ADA.

2.      Defendants deny the allegation in Paragraph 2.  Defendants affirmatively state that the United States offers no support for its allegations that Defendants "designed and constructed at least 82 multifamily properties, compromising 6,536 total units and 3,137 units covered by the FHA's accessibility requirements, in Ohio and 12 other states, in violation of the FHA and ADA."  In fact, each of the Defendants answering is an owner of an individual property and has no ownership or other interest in any other property the United States alleges does not comply with the FHA and ADA.

Defendants also affirmatively asserts that the fact that some of the Subject Properties may have been developed with Low Income Housing Tax Credit and/or funds from the United States Department of Agriculture has no relevance to the United States' allegations that the Subject Property do not comply with the FHA or ADA and should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.

## JURISDICTION AND VENUE

3.      Defendants admit this Court has jurisdiction over claims brought pursuant to the FHA and ADA, but denies any and all other allegations contained in Paragraph 3.

4.      Defendants admit venue is proper, but denies any and all other allegations contained in Paragraph 4.

## SUBJECT PROPERTIES

5.      Defendants deny the allegations contained in Paragraph 5.  Defendants affirmatively assert that they are without sufficient information to admit or deny allegations regarding the Subject Properties in which Defendants do not nor ever had an ownership interest.  Moreover, each of the Defendants answering is an owner of an individual property and has no ownership or other interest in any other property the United States alleges does not comply with the FHA and ADA.

6.      Defendants deny the allegations contained in Paragraph 6.  Defendants affirmatively assert that they are without sufficient information to admit or deny allegations regarding the Subject Properties in which Defendants do not nor ever had an ownership interest.  For the Subject Properties in which Defendant have a current ownership, they deny the properties "have similar building designs and interior layouts, and similarities in exterior layouts."

7.     Defendant Allegheny Pointe Limited Partnership admits that Allegheny Pointe is located at 662 Cedar Ridge Drive, Apollo, Pennsylvania.  Defendant Allegheny Pointe Limited Partnership also admits Allegheny Pointe is a rental property with 26 single-level, two-unit buildings, that was constructed for first occupancy in 2010, and that it has a community building with a leasing office, bathrooms, a community room with a kitchenette, a computer room, and a laundry room.  Defendant Allegheny Pointe Limited Partnership denies that  that it was developed with "loans from the USDA under the Rural Rental Housing Loans Section 515 Program (the 'Section 515 Program')." Defendant Alleghany Pointe Limited Partnership affirmatively states that the allegation that "Allegheny Pointe was developed using Low-Income Housing Tax Credits, HOME funds, and loans from the USDA under the Rural Rental Housing Loans Section 515 Program (the 'Section 515 Program')" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.  Defendants deny any and all other allegations contained in Paragraph 7. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, deny the same.

8.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 8 and, therefore, deny the same.

9.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 9 and, therefore, deny the same.

10.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 10 and, therefore, deny the same.

11.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 11 and, therefore, deny the same.

12.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 and, therefore, deny the same.

13.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 and, therefore, deny the same.

14.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 and, therefore, deny the same.

15.     Defendant Carriage Trails Senior Village, LLC admits that Carriage Trails Senior Villas is located at 1000 Waterside Circle, Tipp City, Ohio.  Defendant Carriage Trails Senior Village, LLC also admits that it is a rental property with three single-level, eight-unit buildings, one single-level, six-unit building, and one single-level, four-unit building that was constructed for first occupancy in 2012, and that it has a clubhouse with a leasing office, a community room, a kitchenette, a laundry room, a mail room and bathrooms, a picnic pavilion, a community garden, a fishing pond, and a walking trail. Defendant Carriage Trails Senior Village, LLC affirmatively states that the allegation that "Carriage Trails Senior Villas was developed using Low-Income Housing Tax Credits and HOME funds" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.  Defendant Carriage Trails Senior Village, LLC denies any and all other allegations contained in Paragraph 15. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, deny the same.

16.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 and, therefore, deny the same.

17.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 and, therefore, deny the same.

18.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, deny the same.

19.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 and, therefore, deny the same.

20.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 and, therefore, deny the same.

21.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 and, therefore, deny the same.

22.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 and, therefore, deny the same.

23.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 and, therefore, deny the same.

24.     Defendant Galena Estates, LLC admits that Galena Estates is located at 1910 East Village Circle, Galena, Kansas.  Defendant Galena Estates, LLC also admits that it is a rental property with two two-level, eight-unit buildings and one three-level 24-unit building that was constructed for first occupancy in 2016, and that it has a playground, trash dumpster facilities, and a community building with a leasing office, a community room, a kitchen, a computer lab, bathrooms, a mail center, and a fitness center.  Defendant Galena Estates, LLC affirmatively states that the allegation that "Galena Estates was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.  Defendants

Galena Estates, LLC denies any and all other allegations contained in Paragraph 24. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 and, therefore, deny the same.

25.     Defendant Gallatin Park Apartments, LLC admits that Gallatin Park Apartments is located at 271 Albert Gallatin Avenue, Gallatin, Tennessee.  Defendant Gallatin Park Apartments, LLC also admits that it is a rental property with two three-level, 12-unit buildings and one three-level 24-unit building that was constructed for first occupancy in 2012, and that it has a playground, trash dumpster facilities, and a community building with a leasing office, a multi-purpose room, a kitchen, bathrooms, an exercise room, a laundry room, and a mail area. Defendant Gallatin Park Apartments, LLC affirmatively states that the allegation that "Gallatin Park Apartments was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.  Defendant Gallatin Park Apartments, LLC denies any and all other allegations contained in Paragraph 25. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 and, therefore, deny the same.

26.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 and, therefore, deny the same.

27.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 and, therefore, deny the same.

28.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 and, therefore, deny the same.

29.     Defendant Harmony Senior Village, LLC admits that Harmony Senior Village is located at 175 North 8th Street, Williamsburg, Ohio.  Defendant Harmony Senior Village, LLC also admits that it is a rental property with one single-level, seven-unit building, three single-level, six-unit buildings, and one single-level, five-unit building that was constructed for first occupancy in 2007, and that it has trash dumpster facilities and a welcome center with a leasing office, a community room, bathrooms, and a mail center. Defendant Harmony Senior Village, LLC affirmatively states that the allegation that "Harmony Senior Village was developed using Low-Income Housing Tax Credits, HOME funds and loans from the USDA's Rural Housing Service Section 538 Guaranteed Housing Program ('the Section 538 Program')" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.  Defendant Harmony Senior Village, LLC denies any and all other allegations contained in Paragraph 29.  All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 and, therefore, deny the same.

30.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 and, therefore, deny the same.

31.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 and, therefore, deny the same.

32.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 32 and, therefore, deny the same.

33.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33 and, therefore, deny the same.

34.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34 and, therefore, deny the same.

35.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 and, therefore, deny the same.

36.     Defendant Lake Towne Senior Village, LLC admits that Lake Towne Senior Village is located at 4975 Lake Towne Drive, Walbridge, Ohio.  Defendant Lake Towne Senior Village, LLC also admits that it is a rental property with one single-level, eight-unit building, one single-level, five-unit building, and five single-level, six-unit buildings that was constructed for first occupancy in 2008, and that it has trash dumpster facilities and a welcome center with a leasing office, a community room, a kitchenette bathrooms, and a mail center.  Defendant Lake Towne Senior Village, LLC denies Lake Towne Senior Village was developed using loans from USDA's Rural Development Program.  Defendant Lake Towne Senior Village, LLC affirmatively state that the allegation that "Lake Towne Senior was developed using Low-Income Housing Tax Credits, HOME funds and loans from the USDA's Rural Development Program" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant Lake Towne Senior Village, LLC denies any and all other allegations contained in Paragraph 36.  All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 and, therefore, deny the same.

37.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37 and, therefore, deny the same.

38.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 and, therefore, deny the same.

39.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39 and, therefore, deny the same.

40.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40 and, therefore, deny the same.

41.     Defendant Madison Place Senior Apartments, LLC admits that Madison Place Senior Apartments is located at 4200 Forbes Road, Gastonia, North Carolina. Defendant Madison Place Senior Apartments, LLC also admits that it is a rental property with one three-level, 76-unit elevator building that was constructed for first occupancy in 2004, and that it has a leasing office, a community room, a common kitchen and living room, common bathrooms, common storage and laundry facilities, trash rooms, a fitness center, a mail area, an arts and crafts room, a billiards room, a library, a hair salon, a patio, a picnic area, a walking trail, and a gazebo. Defendant Madison Place Senior Apartments, LLC affirmatively states that the allegation that "Madison Place Senior [sic] was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant Madison Place Senior Apartments, LLC denies any and all other allegations contained in Paragraph 41. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 and, therefore, deny the same.

42.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42 and, therefore, deny the same.

43.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 and, therefore, deny the same.

44.     Defendants are without sufficient information to admit or deny the

allegations contained in Paragraph 44 and, therefore, deny the same.

45.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 45 and, therefore, deny the same.

46.     Defendant Meadow Vista Senior Villas, LLC admits that Meadow Vista Senior Villas is located at 1806 28th Avenue SW, Altoona, Iowa.  Defendant Meadow Vista Senior Villas, LLC also admits that it is a rental property with seven single-level, six-unit buildings and two single-level, four-unit buildings that was constructed for first occupancy in 2012, and that it has a gazebo, a picnic area, a community garden, a walking trail, and a clubhouse with a leasing office, a mail room, a community room, a kitchenette, bathrooms, a laundry room and a computer center.  Defendant Meadow Vista Senior Villas, LLC affirmatively states that the allegation that "It was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.  Defendant Meadow Vista Senior Villas, LLC denies any and all other allegations contained in Paragraph 46.  All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 46 and, therefore, deny the same.

47.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 47 and, therefore, deny the same.

48.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 and, therefore, deny the same.

49.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 49 and, therefore, deny the same.

50.     Defendants are without sufficient information to admit or deny the

allegations contained in Paragraph 50 and, therefore, deny the same.

51.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 51 and, therefore, deny the same.

52.     Defendant Pinecrest Apartments, LLC admits that Pinecrest Apartments is located at 3605 Martins Trail Circle, Walkertown, North Carolina.   Defendant Pinecrest Apartments, LLC also admits that it is a rental property with ten two-level, eight-unit buildings that was constructed for first occupancy in 2007, and that it has a playground, a volleyball court, a picnic area, a gazebo, trash dumpster facilities, and a community building with a leasing office, a TV area, a kitchenette, a sitting area, bathrooms, a laundry room and a mail area.   Defendant Pinecrest Apartments, LLC affirmatively states that the allegation that "It was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant Pinecrest Apartments, LLC denies any and all other allegations contained in Paragraph 52. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 52 and, therefore, deny the same.

53.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 and, therefore, deny the same.

54.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54 and, therefore, deny the same.

55.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 55 and, therefore, deny the same.

56.     Defendant Reserve at Spencer, LLC admits that Reserve at Spencer is located at 8400 NE 36th Street, Spencer, Oklahoma.   Defendant Reserve at Spencer,

LLC also admits that it is a rental property with two three-level, 24-unit buildings and one single-level six-unit building that was constructed for first occupancy in 2015, and that it has a playground, a gazebo, a picnic area, trash dumpster facilities, and a clubhouse with a leasing office, a fitness center, a computer center, a multi-purpose room, a kitchen, a laundry room, bathrooms and a mail room. Defendant Reserve at Spencer, LLC affirmatively states that the allegation that "It was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant Reserve at Spencer, LLC denies any and all other allegations contained in Paragraph 56. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 56 and, therefore, deny the same.

57. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 57 and, therefore, deny the same.

58. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 58 and, therefore, deny the same.

59. Defendant Riverview Bluffs Associates, L.P. admits that Riverview Bluffs is located at 104 River Valley Boulevard, New Richmond, Ohio. Defendant Riverview Bluffs Associates, L.P. also admits that it is a rental property with six single-level, six-unit buildings that was constructed for first occupancy in 2006, and that it has a clubhouse with a leasing office, bathrooms, laundry facilities, a community room, a computer room, and a mail center. Defendant Riverview Bluffs Associates, L.P. affirmatively states that the allegation that "It was developed using Low-Income Housing Tax Credits, HOME funds, and loans from the USDA's Section 538 Program" should be

stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous.  Defendant Riverview Bluffs Associates, L.P. denies any and all other allegations contained in Paragraph 59.  All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 59 and, therefore, deny the same.

60.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 60 and, therefore, deny the same.

61.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 61 and, therefore, deny the same.

62.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 62 and, therefore, deny the same.

63.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 63 and, therefore, deny the same.

64.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 64 and, therefore, deny the same.

65.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 65 and, therefore, deny the same.

66.    Defendant St. Rita's Senior Housing, LLC admits that St. Rita's Senior Housing is located at 10614 Granger Road, Garfield Heights, Ohio.  Defendant St. Rita's Senior Housing, LLC also admits that the property is a rental property with one three-level, 63-unit elevator building that was constructed for first occupancy in 2009, and that it has a leasing office, common bathrooms, activity rooms, common laundry facilities, trash rooms, a community room, a common kitchen, an activity room, a library, a mail room, a computer room, and a conference room. Defendant St. Rita's Senior

Housing, LLC affirmatively state that the allegation that "It was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant St. Rita's Senior Housing, LLC denies any and all other allegations contained in Paragraph 66. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 66 and, therefore, deny the same.

67. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 67 and, therefore, deny the same.

68. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 68 and, therefore, deny the same.

69. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 69 and, therefore, deny the same.

70. Defendant The Enclave at Winston-Salem, LLC admits that The Enclave at Winston-Salem is located at 1489 Colony Lodge Street, Winston-Salem, North Carolina. Defendant The Enclave at Winston-Salem, LLC also admits that the property is a rental property with 17 two-level, four-unit buildings that was constructed for first occupancy in 2012, and that it has a picnic area, a playground, and a community building with a leasing office, bathrooms, a computer room, a kitchenette, a club room, a laundry room, a fitness center, and a mail area. Defendant The Enclave at Winston-Salem, LLC affirmatively states that the allegation that "It was developed using Low-Income Housing Tax Credits and HOME funds." should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant The Enclave at Winston-Salem, LLC denies any and all other allegations contained in Paragraph 70. All other

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 70 and, therefore, deny the same.

71. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 71 and, therefore, deny the same.

72. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 72 and, therefore, deny the same.

73. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 73 and, therefore, deny the same.

74. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 74 and, therefore, deny the same.

75. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 75 and, therefore, deny the same.

76. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 76 and, therefore, deny the same.

77. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 77 and, therefore, deny the same.

78. Defendant Twin Lakes Senior Villas Limited Partnership admits that Twin Lakes Senior Villas is located at 405 Twin Lakes Drive, Rantoul, Illinois. Defendant Twin Lakes Senior Villas Limited Partnership also admits that it is a rental property with three single-level, eight-unit buildings, one single-level, six-unit building, and three single-level, four-unit buildings that was constructed for first occupancy in 2013, and that it has a picnic pavilion, a walking trail, and a community building with a leasing office, a business center, a community room, a kitchenette, bathrooms, and a mail

center. Defendant Twin Lakes Senior Villas Limited Partnership affirmatively state that the allegation that "It was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant Twin Lakes Senior Villas Limited Partnership denies any and all other allegations contained in Paragraph 78. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 78 and, therefore, deny the same.

79.     Defendant Villas at Twin Cedars, LLC admits that Villas at Twin Cedars is located at 1866 20th Avenue Drive Northeast, Hickory, North Carolina. Defendant Villas at Twin Cedars, LLC also admits that the property is a rental property with three single-level, six-unit buildings, two single-level, five-unit buildings, and three single-level, four-unit buildings that was constructed for first occupancy in 2005, and that it has a picnic area, a gazebo, trash dumpster facilities, and a welcome center with a leasing office, a bathroom, a laundry room, a mail center, and a meeting room. Defendant Villas at Twin Cedars, LLC affirmatively states that the allegation that "It was developed using Low-Income Housing Tax Credits" should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant Villas at Twin Cedars, LLC denies any and all other allegations contained in Paragraph 79. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 79 and, therefore, deny the same.

80.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 80 and, therefore, deny the same.

81.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 81 and, therefore, deny the same.

82. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 82 and, therefore, deny the same.

83. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 83 and, therefore, deny the same.

84. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 84 and, therefore, deny the same.

85. Defendant Whitehouse Square Senior Village, LLC admits that Whitehouse Square Senior Villas is located at 7001 Park View Court, Whitehouse, Ohio. Defendant Whitehouse Square Senior Village, LLC also admits that the property is a rental property with four single-level, eight-unit buildings that was constructed for first occupancy in 2011, and that it has a picnic shelter, a grilling area, and a clubhouse with a leasing office, a computer room, a community room, a kitchenette, bathrooms, and a mail room. Defendant Whitehouse Square Senior Village, LLC denies Whitehouse Square Senior Villas was developed using loans from USDA's Rural Development Program. Defendant Whitehouse Square Senior Village, LLC affirmatively states that the allegation that "It was developed using Low-Income Housing Tax Credits, HOME funds, and loans from the USDA's Rural Development Program should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. Defendant Whitehouse Square Senior Village, LLC denies any and all other allegations contained in Paragraph 85. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 85 and, therefore, deny the same.

86. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 86 and, therefore, deny the same.

87.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 87 and, therefore, deny the same.

88.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 88 and, therefore, deny the same.

**DEFENDANTS**

89.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 89 and, therefore, deny the same.

90.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 90 and, therefore, deny the same.

91.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 91 and, therefore, deny the same.

92.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 92 and, therefore, deny the same.

93.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 93 and, therefore, deny the same.

94.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 94 and, therefore, deny the same.

95.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 95 and, therefore, deny the same.

96.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 96 and, therefore, deny the same.

97.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 97 and, therefore, deny the same.

98.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 98 and, therefore, deny the same.

99.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 99 and, therefore, deny the same.

100 – 137. Defendants state that the question of whether any particular LLC or LP has or had an ownership interest is a question of law to which no response is required.  However, without waiving such objection Defendants admit that certain LLCs or LPs have certain interests in the Subject Properties as set forth in the relevant agreement and such amendments or modifications thereto.   Further information is provided in response to paragraphs 100 -137 below.

100.    Defendant Allegheny Pointe Limited Partnership ("Allegheny Pointe") admits that it is the owner of Allegheny Pointe and that it is a for-profit, domestic Pennsylvania limited partnership with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio.  Allegheny Pointe admits that as of April 2017, MV Allegheny Pointe LLC was the general partner of Allegheny Pointe Limited Partnership.  Allegheny Pointe admits that as of April 2017, MV Allegheny Pointe LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC.  Alleghany Pointe denies it participated in the design and construction of Alleghany Pointe and any and all other allegations contained in Paragraph 100.  All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 100 and, therefore, deny the same.

101.    Defendant Carriage Trails Senior Village, LLC ("Carriage") admits that it is the owner of Carriage Trails Senior Villas and that it is a domestic Ohio limited liability

company with its registered agent address at 4000 Miller-Valentine Court, Moraine, Ohio. Carriage admits that as of April 2017, MV Carriage Trails Senior Village, LLC and MV Special Member LLC were members of Carriage Trails Senior Village, LLC. Carriage admits that as of April 2017, MV Carriage Trails Senior Village LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Carriage denies it participated in the design and construction of Carriage Trials Senior Villas and any and all other allegations contained in Paragraph 101. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 101 and, therefore, deny the same.

102. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 102 and, therefore, deny the same.

103. Defendant Galena Estates, LLC ("Galena") admits that it is the owner of Galena Estates and that it is a domestic Kansas limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Galena admits as of April 2017, MV Galena Estates LLC was a member of Galena Estates, LLC. Galena admits that as of April 2017, MV Galena Estates LLC was a wholly owned subsidiary or special purpose entity of Defendant MV Affordable Housing LLC. Galena denies it participated in the design and construction of Galena Estates and any and all other allegations contained in Paragraph 103. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 103 and, therefore, deny the same.

104.    Defendant Gallatin Park Apartments, LLC ("Gallatin") admits that it is the owner of Gallatin Park Apartments and that it is a domestic Tennessee limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Gallatin admits that as of April 2017, MV Gallatin Park Apartments LLC was a member, and MV Special Member LLC was a member, of Gallatin Park Apartments, LLC. Gallatin admits that as of April 2017, MV Gallatin Park Apartments LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Gallatin denies it participated in the design and construction of Gallatin Park Apartments and any and all other allegations contained in Paragraph 104. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 104 and, therefore, deny the same.

105.    Defendant Hampshire Terrace II Limited Partnership ("Hampshire") admits that it is the owner of Hampshire Landing and that it is a domestic Missouri limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Hampshire admits that as of April 2017, MV Hampshire Terrace II LLC was the general partner, and MV Special Member LLC was a limited partner, of Hampshire Terrace II Limited Partnership. Hampshire admits that as of April 2017, MV Hampshire Terrace II LLC was a wholly owned subsidiary or special purpose entity of Defendant MV Affordable Housing LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Hampshire denies it participated in the design and construction of Hampshire Landing and any and all other

allegations contained in Paragraph 105. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 105 and, therefore, deny the same.

106. Defendant Harmony Senior Village, LLC ("Harmony") admits that it is the owner of Harmony Senior Village and that it is a domestic Ohio limited liability company with its registered agent address at 4334 Glendale-Milford Road, Cincinnati, Ohio. Harmony admits that as of April 2017, Harmony Senior Village GP, LLC was a member of Harmony Senior Village, LLC. Harmony admits that as of April 2017, Harmony Senior Village GP, LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments II Ltd. Harmony denies it participated in the design and construction of Harmony Senior Village and any and all other allegations contained in Paragraph 106. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 106 and, therefore, deny the same.

107. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 107 and, therefore, deny the same.

108. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 108 and, therefore, deny the same.

109. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 109 and, therefore, deny the same.

110. Defendant Lake Towne Senior Village, LLC ("Lake Towne") admits that it is the owner of Lake Towne Senior Village and that it is a domestic Ohio limited liability company with its registered agent address at 4334 Glendale-Milford Road, Cincinnati,

Ohio. Lake Towne admits that as of April 2017, MV Special Member LLC was a member of Lake Towne Senior Village, LLC. Lake Towne admits that as of April 2017, MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Lake Towne denies it participated in the design and construction of Lake Towne Senior Village and any and all other allegations contained in Paragraph 110. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 110 and, therefore, deny the same.

111. Defendant Madison Place Senior Apartments, LLC ("Madison Place") admits that it is the owner of Madison Place Senior Apartments and that it is a domestic Ohio limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Madison Place admits that as of April 2017, Madison Place GP, LLC was a member of Madison Place Senior Apartments, LLC. Madison Place admits that as of April 2017, Madison Place GP, LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments II Ltd. Madison Place denies it participated in the design and construction of Madison Place Senior Apartments and any and all other allegations contained in Paragraph 111. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 111 and, therefore, deny the same.

112. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 112 and, therefore, deny the same.

113. Defendant Meadow Vista Senior Villas, LLC ("Meadow Vista") admits that it is the owner of Meadow Vista Senior Villas and that it is a domestic Iowa limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati,

Ohio. Meadow Vista admits that as of as of April 2017, MV Meadow Vista Senior Villas, LLC was a member, and MV Special Member LLC was a member, of Meadow Vista Senior Villas, LLC. Meadow Vista admits that as of April 2017, MV Meadow Vista Senior Villas, LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Meadow Vista denies it participated in the design and construction of Meadow Vista Senior Villas and any and all other allegations contained in Paragraph 113. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 113 and, therefore, deny the same.

114. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 114 and, therefore, deny the same.

115. Defendant TX Nolanville Apartments, Ltd. Co. ("Nolanville") admits that it is the owner of Oak Ridge Apartments and that it is a domestic Texas limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Nolanville admits that as of April 2017, Defendant MV Affordable Housing LLC, a subsidiary to Miller Valentine Operations, Inc., was the managing member of TX Nolanville Apartments, Ltd. Co. Nolanville denies it participated in the design and construction of Oak Ridge Apartments and any and all other allegations contained in Paragraph 115. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 115 and, therefore, deny the same.

116. Defendant Pinecrest Apartments, LLC ("Pinecrest") admits that it is the owner of Pinecrest Apartments and that it is a domestic North Carolina limited liability

company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Pinecrest admits that as of April 2017, Pinecrest GP, LLC was a member of Pinecrest Apartments, LLC. Pinecrest admits that as of April 2017, Pinecrest GP, LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC. Pinecrest denies it participated in the design and construction of Pinecrest Apartments and any and all other allegations contained in Paragraph 116. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 116 and, therefore, deny the same.

117. Defendant Reserve at Rosebud, LLC ("Rosebud") admits that it is the owner of Reserve at Oak Spring and that it is a domestic West Virginia limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Rosebud admits that as of April 2017, MV Reserve at Rose Bud LLC was a member of Reserve at Rose Bud, LLC. Rosebud admits that as of April 2017, MV Reserve at Rose Bud LLC was a wholly owned subsidiary or special purpose entity of Defendant MV Affordable Housing LLC. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 117 and, therefore, deny the same.

118. Defendant Reserve at Spencer, LLC ("Spencer") admits that it is the owner of Reserve at Spencer and that it is a domestic Oklahoma limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Spencer admits that as of April 2017, MV Reserve at Spencer LLC was a member of Reserve at Spencer, LLC. Spencer admits that as of April 2017, MV Reserve at Spencer LLC was a wholly owned subsidiary or special purpose entity of Defendant MV Affordable Housing LLC. Spencer denies it participated in the design and construction

of Reserve at Spencer and any and all other allegations contained in Paragraph 118. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 118 and, therefore, deny the same.

119. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 119 and, therefore, deny the same.

120. Defendant Delaware Place Senior Apartments, LLC ("Delaware") admits that it is the owner of Riverside Landing at Delaware Place and that it is a domestic Ohio limited liability company with its registered agent address at P.O. Box 744, Dayton, Ohio. Delaware admits that as of April 2017, MV Delaware Place Senior Apartments LLC was a member, and MV Special Member LLC was a member, of Delaware Place Senior Apartments, LLC. Delaware admits that as of April 2017, MV Delaware Place Senior Apartments LLC was a wholly owned subsidiary or special purpose entity of Defendant MV Affordable Housing LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Delaware denies it participated in the design and construction of Riverside Landing at Delaware Place and any and all other allegations contained in Paragraph 120. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 120 and, therefore, deny the same.

121. Defendant Riverview Bluffs Associates, LP ("Riverview") admits that it is the owner of Riverview Bluffs and that it is a domestic Ohio limited liability partnership with its principal office at 4334 Glendale Milford Road, Cincinnati, Ohio. Riverview admits that Riverview Bluffs GP, LLC is a partner in Riverview Bluffs Associates, LP and that Riverview Bluffs GP, LLC is a wholly owned subsidiary or special purpose entity of

Defendant Miller-Valentine Apartments II Ltd. Riverview denies it participated in the design and construction of Riverview Bluffs and any and all other allegations contained in Paragraph 121. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 121 and, therefore, deny the same.

122. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 122 and, therefore, deny the same.

123. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 123 and, therefore, deny the same.

124. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 124 and, therefore, deny the same.

125. Defendant Western Center Reserve, LLC ("Western Center") admits that it is the owner of Silversage Point at Western Center and that it is a domestic Texas limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Western Center admits that as of April 2017, MV Western Center Reserve LLC and MV Special Member LLC were members of Western Center Reserve, LLC. Western Center admits that as of 2017, MV Western Center Reserve LLC was a wholly owned subsidiary or special purpose entity of Defendant MV Affordable Housing LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Western Center denies it participated in the design and construction of Silversage Point at Western Center and any and all other allegations contained in Paragraph 125. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 125 and, therefore, deny the same.

126. Defendant St. Rita's Senior Housing, LLC ("St. Rita's") admits that it is the owner of St. Rita's Senior Housing and that it is a domestic Ohio limited liability company with its principal office at 10614 Granger Road, Garfield Heights, Ohio. St. Rita's admits that as of April 2017, MV St. Rita's Senior Housing LLC was a member of St. Rita's Senior Housing, LLC. St. Rita's admits that as of April 2017, MV St. Rita's Senior Housing LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC. St. Rita's denies it participated in the design and construction of St. Rita's Senior Housing and any and all other allegations contained in Paragraph 126. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 126 and, therefore, deny the same.

127. Defendant The Enclave at Winston-Salem, LLC ("Enclave") admits that it is the owner of The Enclave at Winston-Salem and that it is a domestic North Carolina limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Enclave admits that as of April 2017, MV Enclave at Winston-Salem LLC and MV Special Member LLC were members of The Enclave at Winston-Salem, LLC. Enclave admits that as of April 2017, MV Enclave at Winston-Salem LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Enclave denies it participated in the design and construction of The Enclave at Winston-Salem and any and all other allegations contained in Paragraph 127. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 127 and, therefore,

deny the same.

128.   Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 128 and, therefore, deny the same.

129.   Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 129 and, therefore, deny the same.

130.   Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 130 and, therefore, deny the same.

131.   Defendant Twin Cedars Limited Partnership ("Twin Cedars") admits that it is the owner of Twin Cedars II and that it is a domestic Ohio limited partnership with its principal office at 4000 Miller-Valentine Court, Dayton, Ohio.  Twin Cedars admits that as of April 207, Defendant Miller-Valentine Apartments II Ltd. was a partner of Twin Cedars Limited Partnership. Twin Cedars denies it participated in the design and construction of Twin Cedars II and any and all other allegations contained in Paragraph

131.   All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 131 and, therefore, deny the same.

132.   Defendant Twin Lakes Senior Villas Limited Partnership ("Twin Lakes") admits that it is the owner of Twin Lakes Senior Villas and that it is a domestic Illinois limited partnership with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio.  Twin Lakes admits that as of April 2017, MV Twin Lakes Senior Villas LLC was the general partner, and MV Special Member LLC was a partner, of Twin Lakes Senior Villas Limited Partnership.  Twin Lakes admits that as of April 2017, MV Twin Lakes Senior Villas LLC was a wholly owned subsidiary or special purpose entity of Defendant MV Affordable Housing LLC, and MV Special Member LLC was a wholly owned special

purpose entity of Defendant MV Residential Development LLC. Twin Lakes denies it participated in the design and construction of Twin Lakes Senior Villas and any and all other allegations contained in Paragraph 132. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 132 and, therefore, deny the same.

133. Defendant Villas at Twin Cedars, LLC ("Villas at Twin Cedars") admits that it is the owner of Villas at Twin Cedars and that it is a domestic North Carolina limited liability company with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Villas at Twin Cedars admits that as of April 2017, Villas at Twin Cedars GP, LLC was a member of Villas at Twin Cedars, LLC. Villas at Twin Cedars admits that as of April 2017, Villas at Twin Cedars GP, LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments II Ltd. Villas at Twin Cedars denies it participated in the design and construction of Twin Lakes Senior Villas and any and all other allegations contained in Paragraph 133. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 133 and, therefore, deny the same.

134. Defendant Weatherwood Place Limited Partnership ("Weatherwood") admits that it is the owner of Walkers Ridge Apartments and that it is a domestic Pennsylvania limited partnership with its principal office at 9349 Waterstone Boulevard, Cincinnati, Ohio. Weatherwood admits that as of April 2017, Weatherwood Place GP, LLC was the general partner, and MV Special Member LLC was a member, of Weatherwood Place Limited Partnership. Weatherwood admits that as of April 2017, Weatherwood Place GP, LLC was a wholly owned subsidiary or special purpose entity

of Defendant Miller-Valentine Apartments III LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Weatherwood denies it participated in the design and construction of Walker Ridge Apartments and any and all other allegations contained in Paragraph 134. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 134 and, therefore, deny the same.

135. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 135 and, therefore, deny the same.

136. Defendant Whitehouse Square Senior Village, LLC ("Whitehouse") admits that it is the owner of Whitehouse Square Senior Villas and that it is a domestic Ohio limited liability company with its registered agent address at 4000 Miller-Valentine Court, Moraine, Ohio. Whitehouse admits that as of April 2017, MV Whitehouse Square Senior Village LLC and MV Special Member LLC were members of Whitehouse Square Senior Village, LLC. Whitehouse admits that as of April 2017, MV Whitehouse Square Senior Village LLC was a wholly owned subsidiary or special purpose entity of Defendant Miller-Valentine Apartments III LLC, and MV Special Member LLC was a wholly owned special purpose entity of Defendant MV Residential Development LLC. Whitehouse denies it participated in the design and construction of Whitehouse Square Senior Villas and any and all other allegations contained in Paragraph 136. All other Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 136 and, therefore, deny the same.

137. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 137 and, therefore, deny the same.

## **FACTUAL ALLEGATIONS**

138.   Defendants admit that the properties they own were designed and constructed for first occupancy after March 13, 1991.  Defendants are without sufficient information to admit or deny the allegations in Paragraph 138 as to the properties they do not own and, therefore, deny the same.

139.   Paragraph 139 alleges legal conclusions to which require no response. However, to the extent such allegations can be construed as requiring a response, Defendants deny the same.

140.   Paragraph 140 alleges legal conclusions to which require no response. However, to the extent such allegations can be construed as requiring a response, Defendants deny the same.

141.   Paragraph 141 alleges legal conclusions to which require no response. However, to the extent such allegations can be construed as requiring a response, Defendants deny the same.

142.  Defendants deny the allegations contained in Paragraph 142 and affirmatively assert that the design and construction of many of the properties that received Low-Income Housing Tax Credits was inspected by the relevant state housing finance agency issuing the Credits for compliance with the FHA and ADA and such agencies assured Defendants that the properties complied with any requirements under those laws.

143.   Defendants are without sufficient information to admit or deny whether the United States obtained "property plans" for the properties owned by Defendants. Defendants deny any and all other allegations contained in Paragraph 143.

144. Defendants deny the allegations contained in Paragraph 144.

145. Defendants deny the allegations contained in Paragraph 145.

146. Defendants deny the allegations contained in Paragraph 146.

147. Defendants deny the allegations contained in Paragraph 147.

148. Defendants deny the allegations contained in Paragraph 148.

149. Defendants deny the allegations contained in Paragraph 149.

150. Defendants deny the allegations contained in Paragraph 150.

151. Defendants deny the allegations contained in Paragraph 151.

152. Defendants deny the allegations contained in Paragraph 152.

153. Defendants deny the allegations contained in Paragraph 153.

154. Defendants deny the allegations contained in Paragraph 154.

155. Defendants deny the allegations contained in Paragraph 155.

156. Defendants deny the allegations contained in Paragraph 156.

157. Defendants deny the allegations contained in Paragraph 157.

158. Defendants deny the allegations contained in Paragraph 158.

159. Defendants deny the allegations contained in Paragraph 159.

160. Defendants deny the allegations contained in Paragraph 160.

161. Defendants deny the allegations contained in Paragraph 161.

162. Defendants deny the allegations contained in Paragraph 162.

163. Defendants deny the allegations contained in Paragraph 163.

164. Defendants deny the allegations contained in Paragraph 164.

165. Defendants deny the allegations contained in Paragraph 165.

166. Defendants deny the allegations contained in Paragraph 166.

167.    Defendants deny the allegations contained in Paragraph 167.

168.    Defendants deny the allegations contained in Paragraph 168.

169.    Defendants deny the allegations contained in Paragraph 169.

170.    Defendants deny the allegations contained in Paragraph 170.

171.    Defendants deny the allegations contained in Paragraph 171.

172.    Defendants deny the allegations contained in Paragraph 172.

173.    Defendants deny the allegations contained in Paragraph 173.

174.    Defendants deny the allegations contained in Paragraph 174.

175.    Defendants deny the allegations contained in Paragraph 175.

176.    Defendants deny the allegations contained in Paragraph 176.

177.    Defendants deny the allegations contained in Paragraph 177.

178.    Defendants deny the allegations contained in Paragraph 178.

179.    Defendants deny the allegations contained in Paragraph 179.

180.    Defendants deny the allegations contained in Paragraph 180.

181.    Defendants deny the allegations contained in Paragraph 181.

182.    Defendants deny the allegations contained in Paragraph 182.

183.    Defendants deny the allegations contained in Paragraph 183.

184.    Defendants deny the allegations contained in Paragraph 184.

185.    Defendants deny the allegations contained in Paragraph 185.

186.    Defendants deny the allegations contained in Paragraph 186.

187.    Defendants deny the allegations contained in Paragraph 187.

188.    Defendants deny the allegations contained in Paragraph 188.

189.    Defendants deny the allegations contained in Paragraph 189.

190.    Defendants deny the allegations contained in Paragraph 190.

191.    Defendants deny the allegations contained in Paragraph 191.

192.    Defendants deny the allegations contained in Paragraph 192.

193.    Defendants deny the allegations contained in Paragraph 193.

194.    Defendants deny the allegations contained in Paragraph 194.

195.    Defendants deny the allegations contained in Paragraph 195.

196.    Defendants deny the allegations contained in Paragraph 196.

197.    Defendants deny the allegations contained in Paragraph 197.

198.    Defendants deny the allegations contained in Paragraph 198.

199.    Defendants deny the allegations contained in Paragraph 199.

200.    Defendants deny the allegations contained in Paragraph 200.

201.    Defendants deny the allegations contained in Paragraph 201.

202.    Defendants deny the allegations contained in Paragraph 202.

203.    Defendants deny the allegations contained in Paragraph 203.

204.    Defendants deny the allegations contained in Paragraph 204.

205.    Defendants deny the allegations contained in Paragraph 205.

206.    Defendants deny the allegations contained in Paragraph 206.

207.    Defendants deny the allegations contained in Paragraph 207.

208.    Paragraph 208 alleges legal conclusions to which require no response. However, to the extent such allegations can be construed as requiring a response, Defendants deny the same.

209.    Defendants admit that the properties they own were designed and constructed for first occupancy after January 26, 1993. Defendants are without

sufficient information to admit or deny the allegations in Paragraph 209 as to the properties they do not own and, therefore, deny the same.

210.    Paragraph 210 alleges legal conclusions to which require no response. However, to the extent such allegations can be construed as requiring a response, Defendants deny the same.

211.    Paragraph 211 alleges legal conclusions to which require no response. However, to the extent such allegations can be construed as requiring a response, Defendants deny the same.

212.    Defendants deny the allegations contained in Paragraph 212.

213.    Defendants deny the allegations contained in Paragraph 213.

214.    Paragraph 214 contains no allegations, but to the extent it can be construed as containing allegations, Defendants deny the same.

215.    Defendants deny the allegations contained in Paragraph 215.

216.    Defendants deny the allegations contained in Paragraph 216.

217.    Defendants deny the allegations contained in Paragraph 217.

218.    Defendants deny the allegations contained in Paragraph 218.

219.    Defendants deny the allegations contained in Paragraph 219.

220.    Defendants deny the allegations contained in Paragraph 220.

221.    Defendants deny the allegations contained in Paragraph 221.

222.    Paragraph 222 contains no allegations, but to the extent it can be construed as containing allegations, Defendants deny the same.

223.    Defendants deny the allegations contained in Paragraph 223.

224.    Defendants deny the allegations contained in Paragraph 224.

225. Defendants deny the allegations contained in Paragraph 225.

226. Defendants deny the allegations contained in Paragraph 226.

227. Defendants deny the allegations contained in Paragraph 227.

228. Defendants deny any and all allegations contained in the Prayer For Relief.

229. Defendants deny any and all other allegations contained in the Complaint unless expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's complaint fails in whole or in part to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

2. The properties at issue were designed and constructed to comply with governing accessibility requirements and are accessible and usable to persons with disabilities within the full meaning and protection of the FHA and ADA.

3. The alleged actions or omissions at issue in this litigation were not intentional, willful, taken in disregard of the rights of others, or otherwise based on any discriminatory animus.

4. Plaintiff seeks remedies that are inequitable or improper.

5. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, ratification, laches, preemption, forfeiture and/or unclean hands.

6. The alleged violations of the FHA, if any, resulted in from the acts, fault, negligence, or omissions of individuals or parties other than Defendants.

7. Plaintiff's Complaint is barred due to their failure to join a necessary party under Fed. R. Civ. P. 19 or 19.1.

8.     Plaintiff's claim for civil penalties is barred in whole or in part by the federal five-year statute of limitations under 28 U.S.C. § 2462.

9.     Plaintiff's claim for monetary damages are barred in whole or in part by the three-year statute of limitations under 28 U.S.C. § 2415.

10.     Plaintiff's request for equitable relief, including retrofits, is time-barred.

11.     Plaintiff has failed to identify a person with a disability who has been aggrieved by any conduct of the Defendants and, therefore, is unable to establish "a pattern or practice of resistance to the full enjoyment of rights granted by the [FHA], under 42 U.S.C. § 3614(a) or "a pattern or practice of discrimination [under the ADA] within the meaning of 42 U.S.C. § 12188(b)(1)(B)(i)."  For the same reasons the Plaintiff is unable to establish "a denial to a group of persons of rights granted by the [FHA], which denial raises an issue of general public importance, under 42 U.S.C. § 3614(a) or unlawful discrimination under the ADA that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii).

12.     Defendants reserve the right to assert additional affirmative defenses.


**WHEREFORE**, Defendants, through counsel, pray that Plaintiff's Complaint be dismissed with prejudice with all costs assessed to Plaintiff.


Dated this 9th day of August, 2019.

RESPECTFULLY SUBMITTED,

*/s/ Robert W. Hojnoski*
Robert W. Hojnoski (0070062)
REMINGER CO., L.P.A.
525 Vine St., Suite 1500
Tel: (513) 721-1311; Fax: (513) 721-2553
Rhojnoski@reminger.com

And

Scott P. Moore (*pro hac vice motion forthcoming*)
David E. Kennison (*pro hac vice motion forthcoming*)
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
Phone: (402) 344-0500; Fax: (402) 344-0588
spmoore@bairdholm.com
dkennison@bairdholm.com


*COUNSEL FOR DEFENDANTS ALLEGHENY POINTE LIMITED PARTNERSHIP; CARRIAGE TRAILS SENIOR VILLAGE, LLC; GALENA ESTATES, LLC; GALLATIN PARK APARTMENTS, LLC; HAMPSHIRE TERRACE II LIMITED PARTNERSHIP; HARMONY SENIOR VILLAGE, LLC; LAKE TOWNE SENIOR VILLAGE, LLC; MADISON PLACE SENIOR APARTMENTS, LLC; MEADOW VISTA SENIOR VILLAS, LLC; TX NOLANVILLE APARTMENTS, LTD. CO.; PINECREST APARTMENTS, LLC; RESERVE AT ROSE BUD, LLC; RESERVE AT SPENCER, LLC; DELAWARE PLACE SENIOR APARTMENTS, LLC; RIVERVIEW BLUFFS ASSOCIATES, LP; WESTERN CENTER RESERVE, LLC; ST. RITA'S SENIOR HOUSING, LLC; THE ENCLAVE AT WINSTON-SALEM, LLC; TWIN LAKES SENIOR VILLAS LIMITED PARTNERSHIP; VILLAS AT TWIN CEDARS, LLC; WEATHERWOOD PLACE LIMITED PARTNERSHIP; WHITEHOUSE SQUARE SENIOR VILLAGE, LLC*

**JURY DEMAND**

A trial by jury is hereby demanded on all issues so triable.

*/s/ Robert W. Hojnoski*
Robert W. Hojnoski (0070062)

**CERTIFICATE OF SERVICE**

This will certify that the foregoing was filed electronically on August 9, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, which constitutes service by rule. A copy of the foregoing will be sent electronically and/or via U.S. mail to any party who has not yet appeared on the docket. Parties may access this filing through the Court's system.

*/s/ Robert W. Hojnoski*
Robert W. Hojnoski (0070062)